**UNITED STATES of America,**
**Appellee,**

v.

**Sonia LAFONTAINE, aka "Sonia**
**Fromme," Defendant–**
**Appellant,**

Arthur Kissel, aka "Arthur Fromme," Defendant.

No. 02–1232.

United States Court of Appeals, Second Circuit.

March 4, 2005.

Joshua L. Dratel, New York, NY, for Appellant.

Paul B. Radvany, Assistant United States Attorney (David Kelly, United States Attorney for the Southern District of New York, on the brief), New York, NY, for Appellees.

Present: LEVAL, SOTOMAYOR, and WESLEY, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION of this appeal from the United States District Court for the Southern District of New York (Mukasey, C.J.), it is hereby ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is AFFIRMED IN PART and REMANDED IN PART.

Defendant-appellant Sonia LaFontaine appeals from a judgment of conviction and subsequent sentence imposed by the United States District Court for the Southern District of New York (Mukasey, C.J.), following a six-week jury trial. The charges presented at trial all related to insurance fraud and money laundering schemes involving LaFontaine's cosmetic surgery clinic, LaFontaine–Rish Medical Associates ("LRMA"). This Court affirmed the conviction by summary order on February 12, 2004. *United States v. LaFontaine*, 87 Fed.Appx. 776 (2d Cir.2004) ("*LaFontaine*

*I*"). The mandate issued on March 4, 2004. On October 4, 2004, the Supreme Court vacated the judgment and remanded to this Court for further consideration in light of *Crawford v. Washington*, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004). *LaFontaine v. United States*, — U.S. ——, 125 S.Ct. 46, 160 L.Ed.2d 1 (2004). This Court directed counsel to submit briefs in light of *Crawford* and *United States v. McClain*, 377 F.3d 219 (2d Cir. 2004). We assume the parties' familiarity with the factual and procedural background of this action.

The admission of Dr. Rish's plea allocution was error, in light of *Crawford*. *See McClain*, 377 F.3d at 222 (holding plea allocutions to be testimonial hearsay admitted in violation of Confrontation Clause when appellants lacked prior opportunity to cross-examine declarants). Because LaFontaine failed to preserve her claim, however, we review for plain error. *See id.* Plain error review requires a court to find "1) an error, 2) that is plain, 3) that affects substantial rights." *United States v. Gordon*, 291 F.3d 181, 191 (2d Cir.2002). As we are satisfied that the first two requirements have been met, we concern ourselves only with the third. Plain error affects a defendant's substantial rights if the error is "prejudicial" and "affect[s] the outcome of the district court proceedings." *Id.* at 193 (internal quotation marks and citation omitted); *see also United States v. Keigue*, 318 F.3d 437, 441–42 (2d Cir.2003).

The erroneous admission of the plea allocution did not affect the outcome of the trial proceedings. Other evidence adduced at trial overwhelmingly established both the existence of the conspiracy, as well as LaFontaine's participation in it. This evidence included, *inter alia*, the testimony of numerous former LRMA patients and employees establishing LaFontaine's hands-on role in the fraud, documentary evidence

686

such as fabricated patient records created at LaFontaine's direction, and a tape recording in which LaFontaine instructed an LRMA employee to lie to the FBI regarding the case. The jury had before it evidence that LaFontaine owned, operated, and profited from the clinic, performed some of the surgical procedures that were fraudulently billed to insurance companies, supervised the corrupted billing process, tampered with witnesses, fabricated documents and destroyed authentic ones, and lied during her testimony. In addition, the allocution was admitted pursuant to a limiting instruction that the jury could use the admissions contained therein only as proof of the conspiracy's existence, and Dr. Rish's conduct in furtherance of it, and not as evidence that LaFontaine participated in the conspiracy.

LaFontaine further argues in her recent briefings that her Fifth Amendment right to present a defense was violated in light of *United States v. Chin*, 371 F.3d 31 (2d Cir.2004), as the district court precluded the admission of tape recordings LaFontaine sought to introduce at trial. This argument lacks merit, for the reasons we stated in *LaFontaine I*.

LaFontaine has filed a motion for bail on the basis of *Crawford* and the Supreme Court's decision in *United States v. Booker*, —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). In light of this Court's decision in *United States v. Crosby*, 397 F.3d 103 (2d Cir.2005) this case is remanded to the district court for further proceedings in conformity with *Crosby*. The order previously issued in LaFontaine's appeal is reaffirmed in all respects except as modified by this order. Any appeal taken from the district court following this remand can be initiated only by filing a new notice of appeal. *See* Fed. R.App. P. 3, 4(b).

For the foregoing reasons, the district court's judgment is AFFIRMED IN PART and REMANDED IN PART. The motion for bail is DENIED.